101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 Carmen ASCENIO, David Rodriguez, Plaintiffs,
Richard Weeks, Richard Velez, Paul Beckford, Plaintiffs-Appellants,
v.
LOCAL 1199 DRUG, HOSPITAL and HEALTH CARE EMPLOYEES UNION,
Defendant-Third-Party-Plaintiff-Appellee,
South Bronz Mental Health Council, Inc.,
Third-Party-Defendant-Appellee.
 
 No. 95-9045.
 United States Court of Appeals, Second Circuit.
 May 22, 1996.
 APPEARING FOR APPELLANT WEEKS: Richard Weeks, pro se, New York, NY.
 APPEARING FOR APPELLEES: Elisabeth A. Werby, Levy, Pollack, Ratner & Behroozi, P.C., New York, NY.
 S.D.N.Y.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Present: LUMBARD, MESKILL, MINER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record and was argued.
 
 
 2
 Plaintiffs-appellants Richard Weeks, Richard Velez, and Paul Beckford appeal pro se from a judgment entered in the United States District Court for the Southern District of New York (Batts, J.) granting summary judgment in part to defendant-appellee Local 1119, Drug, Hospital and Health Care Employees Union (the "Union"), and awarding nominal damages to the plaintiffs.
 
 
 3
 The plaintiffs were members of the Union and were employed by the South Bronx Mental Health Council, Inc. (the "SBMHC"). On July 29, 1992, the plaintiffs filed a complaint in district court against the Union alleging, inter alia, that: (1) the Union had breached its duty of fair representation under § 301 of the National Labor Relations Act when it decided not to submit to arbitration certain grievances filed by the plaintiffs; and (2) that the Union violated its constitution by failing to notify the plaintiffs of their right to appeal the Union's decision not to submit their grievances to arbitration. The plaintiffs sought an injunction requiring the Union to submit their respective grievances to arbitration, and also sought specified damages. The Union moved for summary judgment on all of the plaintiffs' claims.
 
 
 4
 On August 11, 1995, the district court granted the Union's motion for summary judgment as to the plaintiffs' fair representation claims, but denied the Union's motion for summary judgment as to the plaintiffs' claims that the Union violated its constitution. On the plaintiffs' claims that the Union violated its constitution, the district court awarded the plaintiffs nominal damages in the amount of one dollar each.
 
 
 5
 On appeal, the plaintiffs argue that the district court erred in granting the Union summary judgment as to their fair representation claims. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). For the following reasons, we think that the Union's conduct towards the plaintiffs was not arbitrary, discriminatory, or in bad faith.
 
 
 6
 First, we reject Beckford's contention that the Union's decision not to submit to arbitration his grievance contesting his termination was a breach of its duty of fair representation. It is undisputed that, during Beckford's two-year tenure with the SBMHC, the SBMHC issued numerous letters requesting that he improve his job performance, and notifying him that wages were being withheld because of his unauthorized absences. The SBMHC also issued a letter warning Beckford that, unless his job performance markedly improved within 60 days, the SBMHC would discipline him. In light of Beckford's record, it was not unreasonable for the Union to perceive Beckford's grievance as futile and thus to decline to pursue it. Accordingly, the Union's decision was not arbitrary, discriminatory, or in bad faith.
 
 
 7
 We also think that the Union did not violate its duty of fair representation by deciding not to submit to arbitration Velez' grievance, which sought to expunge two letters of reprimand from his personnel file. According to the vice president of the Union, the Union has long refused to submit such grievances to arbitration due to the expense of arbitration, the low probability of success in arbitration of such matters, and the relatively insignificant harm that a reprimand causes a member. Because the record indicates that the Union treated Velez' grievance no differently than it treats similar grievances, we think that the Union's conduct towards Velez was not arbitrary, discriminatory, or in bad faith. See Vaca, 171 U.S. at 191.
 
 
 8
 Finally, the Union's decision not to submit to arbitration Weeks's grievance contesting the loss of three days of wages did not violate its duty of fair representation. According to the vice president of the Union, the Union declined to submit the grievance to arbitration because it concluded that Weeks' underlying claim was meritless. We think that because Weeks is unable to demonstrate otherwise, the Union's actions were not arbitrary, discriminatory, or in bad faith. See Melendy v. United States Postal Serv., 589 F.2d 256, 260 (7th Cir.1978).
 
 
 9
 The plaintiffs also argue that the district court improperly determined that they only were entitled to nominal damages on their claims that the Union violated its constitution by failing to notify the plaintiffs that they had a right to appeal the Union's decision not to arbitrate their grievances.
 
 
 10
 As to Weeks and Velez, the record indicates, and the Union concedes, that the Union failed to notify them that they each possessed, pursuant to the Union's constitution, a right to appeal to the Chapter and/or Area Hearing Board the Union's decisions not to submit their grievances to arbitration. However, we think that the award of nominal damages was proper because Weeks and Velez concede that they were aware that they possessed a right to appeal the Union's decisions, but that they nonetheless declined to so. Because Weeks and Velez did not suffer any harm from the Union's violation of its constitution, the remedy of nominal damages was appropriate. See Hirsch Elec. Co. v. Community Serv., Inc., 536 N.Y.S.2d 141, 143 (2d Dep't 1988).
 
 
 11
 However, we think that the district court erred in denying summary judgment in favor of the Union on Beckford's claim that the Union violated its constitution by failing to provide him with notice of his right to appeal. The exhibits accompanying the Union's summary judgment motion demonstrate that the Union notified Beckford, in writing, of his right to appeal from both the decision of the Union and the subsequent decision of the Chapter Hearing Board. Accordingly, the portion of the judgment of the district court denying summary judgment for the Union as to Beckford's claim and the nominal damage award in favor of Beckford are vacated, and the case is remanded to the district court with directions to enter summary judgment for the Union on this claim. Otherwise, the judgment of the district court is affirmed.